IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HITACHI KOKI CO., LTD., | § | |
| | § | |
| Defendant Below, | § | No. 102, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| EDUARDO DIAZ CARDONA and | § | C.A. No. N15C-09-210 SKR |
| WENDY CARDONA, his wife, | § | |
| | § | |
| Plaintiffs Below, Appellees. | § | |

Submitted: March 5, 2019 Decided:
April 16, 2019

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the notice of appeal from an interlocutory order, it appears to the Court that:

(1)    The appellant, Hitachi Koki Co., Ltd. ("HKK"),[1] a Japanese corporation with its principal place of business in Toyko, Japan, has petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from the Superior Court's opinion dated February 5, 2019, which denied HKK's motion to dismiss for lack of personal jurisdiction.

---

[1] It appears that the appellant's name has changed to Koki Holdings Co., Ltd.

(2)     Eduardo Diaz Cardona was using a NV83A3 nail gun designed and manufactured by HKK when the nail gun allegedly malfunctioned and ejected a nail into his eye, causing serious, permanent injuries.  Cardona brought an action in Superior Court against HKK; Hitachi Koki U.S.A., Ltd. ("HKU"), which is a Delaware corporation with its principal place of business in Georgia and a whollyowned subsidiary of HKK, created to sell Hitachi power tools in the United States market; and Schell Brothers, LLC, which was the general contractor of the construction site where Cardona was working at the time of his injury.

(3)     HKK moved to dismiss for lack of personal jurisdiction.  After the completion of jurisdictional discovery, the Superior Court denied the motion to dismiss.  The court held that HKK was subject to personal jurisdiction under Delaware's long-arm statute because (i) HKK's formation of HKU as its exclusive U.S. distributor, for the purpose of selling its products in the U.S. market, including Delaware, demonstrated HKK's intent to serve Delaware; (ii) the facts relating to sales of Hitachi's products supported a strong inference that significant numbers of the NV83A3 nail gun had been sold in Delaware; and (iii) it was undisputed that Cardona was injured by a NV83A3 nail gun used in Delaware.[2]  The Superior Court also held that asserting jurisdiction would comport with the Due Process Clause of

_____

[2] *See Cardona v. Hitachi Koki Co., Ltd.*, 2019 WL 449698, at *4 (Del. Super. Ct. Feb. 5, 2019) (applying *Boone v. Oy Partek Ab*, 724 A.2d 1150 (Del. Super. Ct. 1997), which held that a Finnish producer of asbestos was subject to personal jurisdiction in Delaware under the "dual jurisdiction"

2

the United States Constitution because HKK had sufficient "minimum contacts" with Delaware, Cardona's claims arose out of those contacts, and subjecting HKK to jurisdiction in Delaware was not unreasonable.[3]

(4) The Superior Court denied HKK's application for certification of an interlocutory appeal. The court agreed with HKK that its decision sustained the controverted jurisdiction of the court[4] and arguably involved a question of law relating to the construction or application of the long-arm statute.[5] But the court held that the issue of personal jurisdiction was not a "substantial issue of material importance"[6] because it does not go to the merits of the case.[7] The court also determined that certification would not promote efficient resolution of the case,

theory of personal jurisdiction identified in *LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764 (Del. 1986)).

[3] *Id.* at *4-7.

[4] *Cardona v. Hitachi Koki Co., Ltd.*, 2019 WL 956779, at *1 (Del. Super. Ct. Feb. 25, 2019) (citing DEL. SUPR. CT. R. 42(b)(iii)(D)).

[5] *Id.* (referring to DEL. SUPR. CT. R. 42(b)(iii)(C)).

[6] DEL. SUPR. CT. R. 42(b)(i).

[7] *Cardona*, 2019 WL 956779, at *2 (citing *Tortuga Cas. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 1991 WL 247813, at *2 (Del. Nov. 14, 1991)). *See also Curran Composites, Inc. v. Total Holdings USA, Inc.*, 2009 WL 4170395 (Del. Nov. 25, 2009) (refusing interlocutory appeal of order denying motion to dismiss for lack of personal jurisdiction); *Olivieri v. Aveta, Inc.*, 2008 WL 4216352 (Del. Sept. 16, 2008) (refusing interlocutory appeal of order denying motion to dismiss for lack of personal jurisdiction and forum non conveniens); *Jelin v. NRG Barriers, Inc.*, 1996 WL 442907 (Del. July 23, 1996) (refusing interlocutory appeal of denial of motion to dismiss for lack of in personam jurisdiction).

which has been pending for more than three years, and that the benefits of an interlocutory appeal do not outweigh its probable costs.[8]

(5) We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[9] In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the decision of the Superior Court do not exist in this case, [10] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[8] *Cardona*, 2019 WL 956779, at *2 (referring to DEL. SUPR. CT. R. 42(b)(iii)).
[9] DEL. SUPR. CT. R. 42(d)(v).
[10] DEL. SUPR. CT. R. 42(b)(ii).